In re Philip MANS, Debtor.

William & Norrine FIELD, Plaintiffs,

v.

Philip MANS, Defendant.

Bankruptcy No. 90–12385.
Adv. No. 91–1194.

United States Bankruptcy Court,
D. New Hampshire.

Aug. 29, 1996.

Christopher J. Seufert, Franklin, NH, for Plaintiffs.

Steve J. Bonnette, Bonnette & Ryan, Keene, NH, W.E. Whittington, IV, Brooks McNally Whittington Platto & Vitt, Norwich, VT, for Defendant.

Philip W. Mans, West Lebanon, NH, for Debtor–Defendant.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN,* Chief Judge.

*Procedural Background*

This proceeding originated in the United States Bankruptcy Court for the District of New Hampshire on a complaint filed pursuant to § 523(a)(2)(A)[1] of the Bankruptcy Code by William & Norrine Field ("Plaintiffs") to determine the dischargeability of a debt owed to them by Philip Mans ("Debtor"). The issue was whether Debtor had obtained an extension of credit by fraud or false pretenses. A trial was held on May 11, 1993 wherein Judge Yacos found, in an oral decision, that Plaintiffs' evidence established

---

* Sitting by designation.

1. Section 523 of the Bankruptcy Code provides in relevant part:
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
 . . . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]
11 U.S.C. § 523(a)(2)(A).

the elements of fraud: (1) Debtor made a misrepresentation to Plaintiffs, (2) Plaintiffs relied on that misrepresentation, and (3) Plaintiffs' reliance caused them harm. Judge Yacos further found that the legal standard of reliance to be applied in actions pursuant to § 523(a)(2)(A) is reasonable reliance but that Plaintiffs failed to establish that their reliance was reasonable. The court ordered the debt discharged. The only issue on appeal was whether reasonable reliance was the appropriate legal standard. Both the District Court and the Court of Appeals for the First Circuit affirmed Judge Yacos's decision relying on his findings and reasons as well as Circuit precedent. *Field v. Mans*, 36 F.3d 1089 (1st Cir.1994) (table).

The Supreme Court granted certiorari because the Circuit Courts of Appeals were in conflict over the level of reliance required by § 523(a)(2)(A). In its decision, the Supreme Court vacated the Circuit Court decision and remanded the case holding that the correct standard is the less demanding standard of justifiable reliance. *Field v. Mans*, —— U.S. ——, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). The sole issue before this Court is whether, on the facts of this case, Plaintiffs justifiably relied on statements made by Debtor such that the debt owed by Debtor to Plaintiffs is nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code. This Court held a status conference on June 12, 1996 where the parties, both represented by counsel, agreed to submit the case to this Court on the present record and without further hearing.

*Findings of Fact*

In June 1987, Plaintiffs sold real estate known as Mascoma Lake Lodge to Debtor[2] for $462,500. The purchase price was paid with $275,000 in cash and a note for $187,500 personally guaranteed by Debtor and secured by a second mortgage on the property. The mortgage deed contained a standard due on sale clause which required Debtor to obtain Plaintiffs' consent to transfer the property and if a transfer occurred without their consent the full amount of the debt would be due and payable upon Plaintiffs' demand.

On October 8, 1987, Debtor signed a deed conveying the property to a partnership held by one of Debtor's corporations and DeFelice and Sons, Inc. The next day, Debtor's attorney sent a letter to Plaintiffs' attorney seeking their consent to a transfer of the property in an effort to avoid the due on sale provision of the deed. The letter stated in pertinent part:

> Phil [Mans] has brought in another substantial investor and formed a development partnership called Crescent Beach Development. They will be investing a huge amount of money in the development of the property and thereby further enhance the security for the second mortgage held by Mr. & Mrs. Field.

> Obviously we do not want to trigger the "due on sale" clause by reason of the transfer of the property into the development partnership. We ask that Mr. & Mrs. Field, as the holders of the second Mortgage, consent in writing to the transfer of the property from Mascoma Lake Lodge Enterprises, Inc. to Crescent Beach Development.

> We would appreciate your earliest response to this. We could avoid the issue entirely by simply putting the stock of Mascoma Lake Lodge Enterprises, Inc. into the partnership instead of conveying title to the underlying real property, but for a variety of reasons it is preferable to convey the property.

Letter Dated October 9, 1987. The letter did not mention that a deed had already been signed and the property conveyed or that Mr. DeFelice was the "substantial investor."

On October 19, 1987, Plaintiffs' attorney responded to Debtor's request with an offer of consent if Debtor agreed to pay Plaintiffs' attorney's fees in the amount of $250, pay some lost interest in the amount of $250, make future mortgage payments by direct bank transfer, and pay a one-time fee of $10,000. Coincidentally, the deed was recorded on that same day. Debtor's attorney responded to Plaintiffs' offer on October 27,

---

**2.** This Court recognizes that Debtor conducted this transaction in his capacity as President and authorized agent of Sequoia Security Investment Corp. The corporation, however, was wholly owned and controlled by Debtor and the record indicates that the distinction is irrelevant for purposes of this litigation as Debtor personally guaranteed the corporate debt.

1987, agreeing to the terms except that "the $10,000 fee [was] out of the question." Letter Dated October 27, 1987. There was no further correspondence between the parties regarding the sale of the property and monthly payments on the note continued to be made to Plaintiffs by Debtor for more than three years until Debtor filed his bankruptcy petition in December 1990.

Sometime in 1988, Plaintiffs learned from a third party that Mr. DeFelice was on the property claiming that he was the owner. However, Plaintiffs, relying on the exchange of letters in October 1987 and the terms of the due on sale clause, believed that Debtor could not have and had not transferred the property without their consent. Plaintiffs made no attempts to investigate the truth of this information, although they could have done so simply by asking Debtor or checking the registry of deeds. Mr. Field testified that if he had known that the property had been transferred without his consent he would have exercised his rights pursuant to the due on sale clause and demanded full payment which, at the time of the transfer, was approximately $150,000. Mr. Mans testified that had Mr. Field called the note he would have been able to pay Mr. Field the entire amount due. On February 6, 1991, some two months after Debtor filed for bankruptcy protection, Plaintiffs learned of the 1987 conveyance from Debtor to the Crescent Beach Development partnership through their attorney who had discovered the deed in the registry of deeds.

*Conclusions of Law*

 Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge a debt "obtained by ... false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). The only element of the fraud that must be proven on remand of this case is the reliance element. The level of reliance required is justifiable, not reasonable, reliance. *Field v. Mans,* —— U.S. at ——, 116 S.Ct. at 446. In a § 523(a) dischargeability proceeding, a creditor must prove the elements of nondischargeability by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

All of the evidence before this Court is found in the existing record. This record establishes that at all relevant times Plaintiffs had no actual knowledge of the transfer of the property from Debtor to the Crescent Beach Development partnership. It also establishes, in the content of the October 9, 1987 letter, that Debtor contemplated a transfer of the property if he could obtain Plaintiffs' permission, but if he could not obtain their permission he had other adequate means to satisfy his needs, *i.e.,* he could transfer the corporation's stock interest to the partnership. The record further establishes that at no time did Debtor tell Plaintiffs that a transfer of the property had in fact occurred.

Debtor suggests that by reason of Plaintiffs' visits to the site, knowledge of a new "substantial investor," and ultimately their knowledge that Mr. DeFelice was on the property and asserting his ownership over the property, Plaintiffs were sufficiently on notice of a transfer such that people of their individual background and knowledge should have investigated further. To the contrary, this Court is satisfied that these Plaintiffs have sustained their burden consistent with the subjective standard of justifiable reliance described in the Supreme Court's opinion in this case and that Debtor has not presented sufficient rebuttal evidence. Debtor's representations in the October 9, 1987 letter, which specifically stated that Debtor wished to avoid the due on sale clause and could accomplish his goals without a transfer of the property, coupled with the fact that payments under the note were kept current for more than three years after the transfer, satisfy this Court that the facts support Plaintiffs' representations that they had no reason to believe and did not believe that Debtor had in fact transferred the property. This Court finds that these Plaintiffs justifiably relied on Debtor's representations and no further investigation by them was warranted or required. The debt owed by Debtor to Plaintiffs is, therefore, nondischargeable.

The foregoing constitutes findings of fact and conclusions of law pursuant to Fed.

R.Bankr.P. 7052. An appropriate order shall enter.

### ORDER AND FINAL JUDGMENT

Pursuant to Memorandum of Decision of even date herewith, it is hereby

ORDERED that the debt owed by Philip Mans, Debtor, to William & Norrine Field arising from a second mortgage on real property known as Mascoma Lake Lodge is non-dischargeable.

Judgment to be entered in favor of Plaintiff.