In re Dante Anthony SPADONI,
Debtor.

John Lentz, Appellant,

v.

Dante Anthony Spadoni, Appellee.

BAP No. MB 01–039.

United States Bankruptcy Appellate Panel
of the First Circuit.

Jan. 9, 2002.

Bruce T. MacDonald, Cambridge, MA, for Appellant.

Gary L. Meyers of Law Office of Gary L. Meyers, Brookline, MA, for the Appellee.

Before HAINES, DEASY, and KORNREICH, U.S. Bankruptcy Appellate Panel Judges.

DEASY, Judge.

John Lentz appeals the bankruptcy court's ruling that the Debtor's obligation to him should not be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A). For the reasons outlined below, we affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

Lentz and the Debtor met in the early 1990s. In 1994, Lentz agreed to sublease space to the Debtor for his cellular phone business. During 1997, the Debtor fell behind with his rent. In early January 1998, the Debtor made a large lump sum payment to cover some or all of the rental arrearage from 1997. The Debtor's failure to pay rent continued during 1998. At trial, Lentz indicated that he frequently discussed the rental arrearage with the Debtor during this time and the Debtor stated that he would "take care of it." In September of 1998, the Debtor vacated the leased premises without notice to Lentz and without paying the outstanding rent.[1]

On December 6, 1999, Lentz commenced suit in Malden District Court alleging that the Debtor owed him $9,700 in back rent.

According to Lentz, he never pursued legal action against the Debtor in 1998 because the Debtor was a friend and business partner.[2]

On December 15, 1999, the Debtor filed a Chapter 7 bankruptcy petition and listed L & L Collisions, the name under which Lentz did business, as an unsecured creditor with a claim in the amount of $10,000. On March 10, 2000, Lentz filed a complaint objecting to the dischargeability of this debt under section 523(a)(2)(A) of the Bankruptcy Code based on the Debtor's fraudulent misrepresentations that he would pay rent on the subleased property.

A trial on Lentz's dischargeability complaint against the Debtor was held on April 12, 2001. Following the trial, the bankruptcy judge took a recess to review the evidence. After returning to the bench, the bankruptcy judge announced her findings of fact and conclusions of law. The bankruptcy court ruled that Lentz did not prove that he actually and justifiably relied on the Debtor's misrepresentation regarding his ability and intention to pay rent in 1998. According to the bankruptcy court, Lentz did not justifiably rely on the Debtor's statements about paying rent because he should have known that the promises were suspect and should have taken action against the Debtor. After the bankruptcy court entered judgment in favor of the Debtor on May 16, 2001, Lentz filed this appeal.

## II. JURISDICTION

An objection to the discharge of a debt is a core proceeding pursuant to 28 U.S.C.

---

1. At trial, there was some dispute as to whether the Debtor paid Lentz $1,500 in July 1998 to cover rent. The bankruptcy court made no finding on that issue.

2. The Debtor and Lentz had additional business dealings, including operation of a towing business. The bankruptcy court found that the Debtor's relationship with Lentz had deteriorated by the end of 1997. The Debtor testified that he was upset with Lentz about a number of issues including the Debtor's belief that Lentz had forged his name on several truck loans, and the Debtor's belief that Lentz had taken money from their towing business without authorization.

§ 157(b)(2)(J), thus, providing subject matter jurisdiction to the bankruptcy court under 28 U.S.C. §§ 157(a) and 1334(a). *See Sanford Inst. for Sav. v. Gallo,* 156 F.3d 71, 74 (1st Cir.1998). A bankruptcy appellate panel has jurisdiction of an appeal of an order denying a creditor's objection to discharge pursuant to 28 U.S.C. § 158(b)(1). *See id.*

### III. STANDARD OF REVIEW

■ A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard while its conclusions of law are reviewed *de novo. See Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l, Inc.),* 132 F.3d 104, 107–08 (1st Cir.1997); *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994); *In re SPM Mfg. Corp.,* 984 F.2d 1305, 1310–11 (1st Cir.1993). *See also* Fed. R. Bankr.P. 8013. The appellant, citing *Sanford Inst. for Sav. v. Gallo,* 156 F.3d 71, 73 (1st Cir.1998), contends that the standard for reviewing the bankruptcy court's application of the justifiable reliance standard to the facts is subject to plenary, or *de novo,* review by this Panel. However, the arguments in the appellant's brief also appear to question the bankruptcy court's findings of fact.[3] Based upon a review of recent appellate court decisions in the First Circuit, the appellant's confusion over the standard of review is understandable. The point warrants discussion.

The appropriate standard of review of a bankruptcy court's findings regarding justifiable reliance has been the subject of much discussion and debate in the First Circuit following the Supreme Court's decision in *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). On remand, the bankruptcy court concluded

that Field had justifiably relied upon the misrepresentation of Mans and excepted the debt from discharge under section 523(a)(2)(A). *Field v. Mans,* 200 B.R. 293, 296 (Bankr.D.N.H.1996). On appeal the Bankruptcy Appellate Panel ("BAP") upheld the bankruptcy court's justifiable reliance ruling, but reversed the bankruptcy court's ruling that the creditor's failure to accelerate the debt because of the misrepresentation was an extension of credit. *Field v. Mans,* 210 B.R. 1, 5, 7 (1st Cir. BAP 1997), *rev'd,* 157 F.3d 35 (1st Cir. 1998).

In *Field* the debtor claimed that the trial court's determination of justifiable reliance was not a finding of fact, but a ruling of law. *Field,* 210 B.R. at 3. Judge Queenan writing for a unanimous BAP held that the bankruptcy court's "determination of justifiable reliance was a conclusion of law to the degree that it applied the legal standard of justifiable reliance" to the facts of the case. *Id.* at 5. The BAP found that the bankruptcy court's findings of fact on one of the necessary elements of justifiable reliance was not clearly erroneous and, therefore, could not be disturbed on appeal. *Id.* Although the First Circuit reversed the BAP on the extension of credit question, it stated that "the BAP correctly construed and applied the 'justifiable' reliance standard adopted by the Supreme Court in *Field.*" *Field,* 157 F.3d at 46. Less than seven months later a majority of the BAP stated that "[a] trial judge's determination of justifiable reliance is one of mixed law and fact" and affirmed the bankruptcy court's decision that the debt in question was dischargeable. *Sanford Inst. for Sav. v. Gallo (In re Gallo),* 216 B.R. 306, 308 (1st Cir. BAP 1998) (citing *Field,* 210 B.R. at 5, *rev'g* 200

---

**3.** This appearance is supported by the last paragraph of the argument in the appellant's brief at page 10 where he states that "it was

clearly erroneous for the court to have relied on the timing of a subsequent lawsuit in reaching its conclusion."

B.R. 293 (Bankr.D.N.H.1996), *on remand from* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)). The majority explained that the issue of whether the bankruptcy court applied the correct legal standard, i.e., justifiable reliance, is a question of law. *Id.* However, in its view the issue of whether the bankruptcy court correctly applied the justifiable reliance standard is a question of fact to the extent the court is determining a particular creditor's knowledge and intelligence and whether that particular creditor with that knowledge and intelligence would find the debtor's representation and/or information reliable. *See id.*

In a dissenting opinion, Judge Queenan disagreed stating that "[u]nder the principles of justifiable reliance, findings of fact are confined to the characteristics and knowledge of the recipient of a fraudulent representation and what was immediately apparent to the recipient. The ultimate determination of whether justifiable reliance has occurred is a conclusion of law based upon the resolution of these limited factual issues." *Id.* at 312 (Queenan, J., dissenting) (citing *Field,* 210 B.R. at 5).

On appeal of the BAP's decision in *Gallo,* a majority of the First Circuit Court of Appeals adopted the dissenting views of Judge Queenan in stating that the case presented "a sole legal issue: namely, whether the bankruptcy court properly applied to the facts the 'justifiable reliance' element of the fraud interpretation announced by the [Supreme] Court in *Field v. Mans* . . . . Thus, this Court exercises plenary review." *Sanford Inst. for Sav. v. Gallo,* 156 F.3d 71, 74 (1st Cir.1998). However, in a dissenting opinion, Judge Stahl adopted the views of the BAP majority in *Gallo* stating that "[s]o long as there is no indication that the lower courts misapprehended the relevant legal principles . . . a finding that . . . reliance, if any, was

unjustified is a paradigmatic fact-dominated mixed fact/law determination that we should accept unless shown to be clearly erroneous." *Id.* at 76 (Stahl, J., dissenting) (citation omitted). In Judge Stahl's view, the appellate court is empowered to reverse only if, upon review of the record as a whole, it has a "definite and firm conviction that a mistake has been made." *Id.; see Palmacci v. Umpierrez,* 121 F.3d 781, 785 (1st Cir.1997) ("A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" (citation omitted)).

■ While this interesting legal debate demonstrates that reasonable persons may disagree on the standard for appellate review of a bankruptcy court's determination of justifiable reliance, for this Panel the debate is over. We must apply the majority rule enunciated by the First Circuit in *Gallo,* which is in accord with the First Circuit and BAP decisions in *Field. See Field,* 157 F.3d at 46; *Field,* 210 B.R. at 5; Fed. R. Bankr.P. 8013. Accordingly, the bankruptcy court's findings of fact on the elements of justifiable reliance shall not be disturbed unless shown to be clearly erroneous. The bankruptcy court's application of the justifiable reliance standard to the facts of the case shall be subject to plenary review *de novo. See Gallo,* 216 B.R. at 308.

## IV. DISCUSSION

■ As the party seeking to have the Debtor's rental obligation declared nondischargeable, Lentz bore the burden of demonstrating at trial that the Debtor's obligation came squarely within the exception to discharge set forth in section 523(a)(2)(A). *See McCrory v. Spigel (In re Spigel),* 260 F.3d 27, 32 (1st Cir.2001).

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

[I]n order to establish that a debt is nondischargeable because obtained by "false pretenses, a false representation, or actual fraud," [the First Circuit Court of Appeals has] held that a creditor must show that 1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the misrepresentation, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage.

*Spigel*, 260 F.3d at 32 (citing *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997)). Lentz argues that the bankruptcy court erred in applying the "justifiable reliance" standard enunciated by the United States Supreme Court in *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

### A. Findings of Fact

Lentz argues that the bankruptcy court erroneously concluded that his failure to take action against the Debtor after a prolonged failure to pay rent demonstrated that he did not rely on the Debtor's promises to pay rent. Lentz suggests that the bankruptcy court failed to take into consideration the fact that he and the Debtor were friends and that their friendship affected Lentz's perception regarding the Debtor's promises to pay. In Lentz's view, this factor supports a finding that his reliance on the Debtor's promises regarding payment of rent were justified.

■ The Panel agrees that Lentz's relationship with the Debtor certainly is a factor which could be considered in determining how Lentz perceived the Debtor's promises to pay and whether Lentz thought he could rely on them. "*Field v. Mans* teaches that the justifiability of reliance on a misrepresentation is subjective; that is, whether reliance is justifiable must be determined by first assessing the perception of the recipient of the representation, giving effect to the recipient's knowledge and experience." *Sanford Inst. for Sav. v. Gallo (In re Gallo)*, 216 B.R. 306, 310 (1st Cir. BAP 1998). However, on appeal, Lentz has failed to demonstrate that the bankruptcy court did not consider that factor or that its findings were clearly erroneous.

■ It is clear from the record that the bankruptcy judge considered the parties' relationship. The bankruptcy court made specific factual findings regarding the nature of the relationship. *See, e.g.*, Trial Transcript at 83 ("The debtor and the plaintiff were friends and partners for many years.") and 85 ("[I]t is obvious that the debtor's relationship with Lentz had deteriorated by the end of 1997."). In response to a question by his own attorney Lentz testified:

Q. And did you do anything or not do anything as a result of his telling you that he intended to become current in his rental obligation?

A. No, I didn't, because he was a friend and a business partner. I trusted him, I thought he would take care of it.

*Id.* at 38. In a response to a question by the bankruptcy court Lentz testified:

Q. Did you talk to him about your rights as the lessor? Did you tell him anything in response to that?

A. Well, I explained to him that, you know, if he couldn't afford the rent then maybe he should possibly leave the premises. But we were friends and I gave him the benefit of the doubt.

*Id.* at 79. From these statements alone, the bankruptcy court could have found that Lentz did not really believe the Debtor's continued promises to pay and therefore did not "actually" rely on the Debtor's promises in making the decision to continue leasing the premises to the Debtor without receiving any rent in return.

Lentz contends that the bankruptcy court's factual findings that he did not threaten the Debtor, did not mention eviction, did not hire an attorney and took no action against the Debtor during his occupancy of the premises, and for a lengthy period of time after he vacated the premises, indicate that the court was applying the "reasonable reliance" standard struck down in *Field v. Mans.* However, the record indicates that the bankruptcy court considered those facts in determining that Lentz did not establish actual reliance on the Debtor's promises. *Id.* at 87. The bankruptcy court ruled that Lentz had established that (1) the Debtor made representations regarding payment of rent, (2) the Debtor knew the representations were false when made, (3) the Debtor made the representations with the intention and purpose of deceiving Lentz and (4) Lentz sustained a loss. *Id.* at 85–87. However, the bankruptcy court found that Lentz had not established actual or justifiable reliance on the Debtor's promises. *Id.* at 87. While justifiable reliance is a conclusion of law to be applied to the court's findings of fact, actual reliance is a factual determination. *See Restatement (Second) of Torts* § 537 comment a (1976). Absent a factual finding of actual reliance, there can be no legal determination that the reliance was justified. *See id.* Contrary to the appellant's arguments that the court did not consider

the relationship between the parties, the court did consider that relationship in its factual findings both in favor of and adverse to Lentz. The bankruptcy court indicated that the appellant's actions and inactions against the Debtor were evidence it considered in making the finding that Lentz did not actually rely upon the Debtor's promises. Reliance by the creditor, like the intent of the debtor, is not proven by self-serving testimony or evidence, but by consideration of all of the facts and circumstances surrounding the alleged misrepresentations.

Lentz also argues that we should infer from the bankruptcy court's statements both during and at the end of the trial that the court viewed his delay in pursuing any legal remedy as unreasonable and, therefore, conclude that the court did not apply the justifiable reliance standard. Even if we were to subscribe to his inference, the Supreme Court's decision in *Field v. Mans* did not render reasonableness irrelevant to the bankruptcy court's determination of dischargeability. *Field,* 516 U.S. at 76, 116 S.Ct. 437. "[T]he greater the distance between the reliance claimed and the limits of the reasonable, the greater the doubt about reliance in fact .... reasonableness goes to the *probability of actual reliance.*" *Id.* (emphasis added). The extent to which Lentz's conduct approached or passed the outer limits of reasonableness would be a factor the bankruptcy court could properly consider in its finding on the element of actual reliance.

The bankruptcy court permissibly inferred that Lentz was not relying on the Debtor's unfulfilled promises, but on something else, based on, *inter alia,* the fact that Lentz initiated no action to collect the unpaid rent until "more than a year after the debtor left and almost two years after the debtor stopped paying rent." Accord-

ingly, the Panel concludes that Lentz has failed to demonstrate that the bankruptcy court's findings of fact are not supported by the record or were clearly erroneous.

## B. Rulings of Law

As noted above, the appellant argues that the bankruptcy court erred because it applied the reasonable reliance standard rejected in *Field v. Mans* rather than the justifiable reliance standard and because the court failed to take into account his friendship and prior business relationship with the Debtor in determining his reliance. Lentz contends that he accepted and relied on the Debtor's promises that he would pay rent because of those prior relationships. The bankruptcy court, citing *Field v. Mans*, articulated the standard under section 523(a)(2)(A) as follows:

> In order for a plaintiff to prevail on a complaint to except a debt from discharge under Section 523(a)(2)(A), the plaintiff must prove the following elements by a preponderance of the evidence: The plaintiff must prove that the debtor made representations, that the debtor knew the representations were false when made, and the debtor made the representations with the intention and purpose of deceiving the creditor, and *the creditor justifiably relied on such representations;* and finally the creditor sustained the loss, sustained loss and damage as a proximate result of the misrepresentation made.

Trial Transcript at 85–86 (emphasis added). As explained above, our review of the bankruptcy court's application of the justifiable reliance standard to its findings of fact is *de novo.*

In outlining the legal standard for justifiable reliance, the bankruptcy judge made specific reference to the Supreme Court's decision in *Field v. Mans* and stated the following:

> Element four, justifiable reliance requires proof that the plaintiff *actually relied* on the debtor's misrepresentations, and the plaintiff must show that the reliance was justifiable under the circumstances. *The plaintiff need not show that a reasonably prudent person would have relied on the misrepresentation similarly.*

*Id.* at 86 (emphasis added).[4] These statements demonstrate that the bankruptcy court understood the distinction between justifiable reliance and reasonable reliance and would have applied the proper standard to any such determination.

▮▮▮▮ Both actual and justifiable reliance are required for Lentz to prevail on his complaint. *Field,* 516 U.S. at 70, 116 S.Ct. 437 (citing *Restatement (Second) of Torts* § 537 (1976)). The bankruptcy court's factual finding that Lentz did not actually rely on the Debtor's promises precluded the need for any legal determination that any such reliance was justifiable. Accordingly, the Panel finds no error of

4. The Panel notes that the bankruptcy court referred to "justifiable reliance" as one element of the test under section 523(a)(2)(A), an element that included a showing with respect to both actual reliance and justifiable reliance. Trial Transcript at 85–86. The *Palmacci* test, cited most recently by the First Circuit in *Spigel,* splits the requirements of actual reliance and justifiable reliance into two separate elements of the test. *Spigel,* 260 F.3d at 32 (citing *Palmacci,* 121 F.3d at 786). Although the bankruptcy court did not parse the reliance requirement into two separate elements, her conclusions regarding the one element (consisting of two parts) must be upheld given the Panel's prior conclusion regarding Lentz's lack of actual reliance. Splitting the reliance requirement into two elements should assist bankruptcy courts in making their rulings since actual reliance is a question of fact and justifiable reliance is a question of law.

law in the bankruptcy court's decision regarding justifiable reliance.

## V. CONCLUSION

For the reasons outlined above, Lentz has failed to establish that the bankruptcy court's findings of fact were clearly erroneous or the justifiable reliance standard set forth in the court's decision was erroneous. Accordingly, the bankruptcy court's order and judgment are AFFIRMED.